IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 14, 2006

## STATE OF TENNESSEE v. JERMEIL RALPH TARTER

**Appeal from the Criminal Court for Sullivan County**
**No. S48,690     R. Jerry Beck, Judge**

_____

**No. E2006-00436-CCA-R3-CD - Filed January 22, 2007**

_____

The Defendant, Jermeil Ralph Tarter, was indicted by a Sullivan County grand jury for evading arrest, a Class A misdemeanor. Following a jury trial, the Defendant was convicted of the indicted offense. In this direct appeal, the Defendant alleges that (1) the evidence was insufficient to support his conviction beyond a reasonable doubt and (2) the trial court erred in requiring the Defendant to serve this sentence consecutively to his prior sentences. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Larry R. Dillow, Kingsport, Tennessee, for the appellee, Jermeil Ralph Tarter.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and H. Greeley Wells, Jr., District Attorney General, for the appellant, State of Tennessee.

## OPINION

### Factual Background

In the early hours of the morning on January 4, 2004, Field Training Officer Burk Murray and Officer Daniel Horne of the Kingsport Police Department observed a maroon Cadillac weaving on Center Street. The officers activated the emergency lights on the patrol car and attempted to pull over the vehicle. Just after the vehicle stopped in a parking lot, the Defendant got out of the passenger side of the vehicle and fled on foot. Officer Murray recognized the Defendant and instructed Officer Horne: "There's a warrant on that guy. Go get him." Officer Horne obeyed and began chasing the Defendant. Officer Horne yelled at the Defendant "[a]s loud as [he] could while

running": "Stop. I'm a police officer," and "You're under arrest," and "Stop running." The Defendant did not obey but continued running for approximately one-half mile until Officer Horne was able to take him into custody.

## Procedural Background

On March 1, 2004, the Defendant was indicted by a Sullivan County grand jury for one count of evading arrest. Following a jury trial, the Defendant was convicted of the indicted offense. At the sentencing hearing, the trial judge ordered the Defendant to serve eleven months and twenty-nine days consecutively to prior sentences the Defendant was serving in the Department of Correction. The Defendant filed a timely motion for a new trial, alleging that the evidence was insufficient to support the verdict beyond a reasonable doubt and that the trial court erred in imposing consecutive sentences. The trial court denied the motion, and the Defendant filed a timely notice of appeal.

## Analysis

### I. Sufficiency of Evidence

First, the Defendant argues that the evidence was insufficient to support his conviction beyond a reasonable doubt for evading arrest. Tennessee Rule of Appellate Procedure 13(e) prescribes that "[f]indings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." A convicted criminal defendant who challenges the sufficiency of the evidence on appeal bears the burden of demonstrating why the evidence is insufficient to support the verdict, because a verdict of guilt destroys the presumption of innocence and imposes a presumption of guilt. See State v. Evans, 108 S.W.3d 231, 237 (Tenn. 2003); State v. Carruthers, 35 S.W.3d 516, 557-58 (Tenn. 2000); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court must reject a convicted criminal defendant's challenge to the sufficiency of the evidence if, after considering the evidence in a light most favorable to the prosecution, we determine that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Hall, 8 S.W.3d 593, 599 (Tenn. 1999).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. See Carruthers, 35 S.W.3d at 558; Hall, 8 S.W.3d at 599. A guilty verdict by the trier of fact accredits the testimony of the State's witnesses and resolves all conflicts in the evidence in favor of the prosecution's theory. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Questions about the credibility of witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, and this Court will not re-weigh or re-evaluate the evidence. See Evans, 108 S.W.3d at 236; Bland, 958 S.W.2d at 659. Nor will this Court substitute its own inferences drawn from circumstantial evidence for those drawn by the trier of fact. See Evans, 108 S.W.3d at 236-37; Carruthers, 35 S.W.3d at 557.

Under Tennessee Code Annotated section 39-16-603, "it is unlawful for any person to intentionally flee by any means of locomotion from anyone the person knows to be a law enforcement officer if the person . . . [k]nows the officer is attempting to arrest the person. . . ." Tenn. Code Ann. § 39-16-603(a)(1)(A). At trial, the Defendant argued that he did not know the officers were attempting to arrest him. The Defendant stated that "[t]here wasn't (sic) any voices or no stops or any acknowledgments verbally whatsoever to signify that I was being detained or arrested. . . ." The Defendant stated that he did not know that any arrest warrants had been previously issued for his arrest. Further, the Defendant stated that he ran from the law enforcement officers because he had been "harassed" and had endured "physical altercations" with law enforcement "basically for no reason." The Defendant stated that he "chose to run" because he was "scared."

According to the State's witnesses, immediately after the Defendant exited the vehicle and began running, one officer began chasing the Defendant and yelled, "Stop. I'm a police officer. You're under arrest. Stop running." The officer continued to yell at the Defendant, ordering him to stop, yet the Defendant continued to flee until he became "tired" and decided to surrender to the arresting officer.

The jury had ample evidence to conclude that the Defendant was aware that the officers were attempting to arrest him. Along with the fact that the officers pulled the vehicle over, the officers testified that one officer commanded that the Defendant stop running because he was under arrest. When presented with similar evidence in previous cases, this Court has held the evidence to be sufficient to support a conviction for evading arrest. See, e.g., State v. James A. McCurry, No. W2002-02870-CCA-R3-CD, 2003 WL 22848975 (Tenn. Crim. App., Jackson, Nov. 26, 2004); Deadrick M. Pigg v. State, No. M2000-03233-CCA-R3-CD, 2002 WL 1585636 (Tenn. Crim. App., Nashville, July 19, 2002). We conclude that the evidence is sufficient to uphold the Defendant's conviction for evading arrest beyond a reasonable doubt.

## II. Sentencing

Next, the Defendant alleges that the trial judge erred in requiring that he serve this sentence consecutively to his prior sentences. Under Tennessee Code Annotated section 40-30-401, a defendant may "appeal the imposition of consecutive sentences." Tenn. Code Ann. § 40-35-401(a). Upon a challenge to the sentence imposed, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See id. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991). We will

uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

The guidelines for consecutive sentencing are contained in Tennessee Code Annotated section 40-35-115. The provision applicable to the Defendant's case provides as follows:

> (b) The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:
>
> . . . .
>
> (2) The defendant is an offender whose record of criminal activity is extensive. . . .

Tenn. Code Ann. § 40-35-115(b)(2). Our supreme court has held that "consecutive sentences cannot be imposed unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). The underlying policy announced by our supreme court is that "consecutive sentences should not be routinely imposed." State v. Taylor, 739 S.W.2d 227, 229 (Tenn. 1995).

At the sentencing hearing in the Defendant's case, the trial judge made the following statements regarding his decision to run the Defendant's sentence for evading arrest consecutively to his prior sentences:

> The exclusive criteria that the Court can use to run any sentence consecutive is contained in **TCA 40-35-115**. The State has stated that they rely upon one of those factors as follows is (b)(2): "The Defendant is an offender whose record of criminal activity is extensive." There is no question that he has an extensive record and considering the number of pages of rap sheet, which I will not read in . . . . Again, the report is so long and it is going to be filed as an exhibit.
>
> There is no question that he does have an extensive criminal record. Now, this is a misdemeanor, and under **Wilkerson**, the sentence must be reasonably related, and it only takes one. It doesn't take all of these. There are seven criteria, but he clearly meets that (b)(2) of **TCA 40-35-115**. Is it reasonably related to the crime

-4-

charged?  It is just overwhelming.  He just has such a bad record, but, then, again, I am looking at evading arrest, a misdemeanor.

The Officer was Daniel Horne of the Kingsport Police Department. . . .  The police made a stop and the Defendant was a passenger.  [The Defendant] took off running.  The two officers testified they were hollering for him to stop.  He testified at trial that he didn't remember that or didn't hear that.

. . . .

I think that under the total circumstances, I don't know that I have ever done this before, where the Defendant has a long sentence already and it is a misdemeanor, but I think it is mandated in this case.  There is just too much record. . . .  I am going to order the Defendant a sentence of 11 months and 29 days to be consecutive to the sentence he has. . . .

(emphasis in original).  According to the exhibits introduced at the sentencing hearing of the Defendant's criminal history, he has been convicted of the following offenses:  sale of .5 grams or more of cocaine within 1,000 feet of a school; delivery of .5 grams or more of cocaine within 1,000 feet of a school; possession of .5 grams or more of cocaine within 1,000 feet of a school; three convictions for driving on a suspended license; four convictions for possession of cocaine; assault; vandalism; attempted tampering with evidence; two convictions for resisting arrest; possession of marijuana; two convictions for unlawful drug paraphernalia; driving on a revoked license; nine traffic offenses; and a violation of the driver's license law.

In the Defendant's case, the trial judge clearly considered the applicable sentencing law and supported his analysis with the facts of the Defendant's case.  Relying upon the Defendant's extensive criminal record, the trial judge concluded that the Defendant was eligible for consecutive sentences under Tennessee Code Annotated section 40-30-115(b)(2).  We find no error or abuse of discretion in the sentencing decision of the trial court.

## Conclusion

Based upon the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE